**FILED**

JUL 2 8 2004

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABDUL RUFAI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CV-513 P (M) |
| | ) | |
| BRADEN MANUFACTURING, L.L.C., | ) | |
| a limited liability company; | ) | |
| BILL EDWARDS, LARRY EDWARDS, | ) | |
| JACK SILVER, SHARON LAWRENCE, | ) | |
| DARWIN WHISENHUNG, AND | ) | |
| GENE SHOEMOCHL, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER

For their answer to the Complaint filed by Plaintiff Abdul Rufai, Defendants Braden

Manufacturing, L.L.C. ("Braden"), Bill Edwards, Larry Edwards, Jack Silver, Sharon Lawrence,

Darwin Whisenhunt and Gene Schockemoehl[1] (collectively "Defendants"[2]) allege and state as

follows.

### Answer to Statement of Jurisdiction

1.      In answer to Paragraph 1 of the Complaint, Defendants state that said paragraph

contains legal conclusions and therefore, Defendants deny same.

2.      In answer to Paragraph 2 of the Complaint, Defendants: (1) admit, upon information

and belief, that Plaintiff filed a charge of discrimination with the OHRC and EEOC; but (2) state that

---

1 This Answer is being filed on behalf of Darwin Whisenhunt and Gene Schockemoehl who Plaintiff incorrectly
identified as Darwin Whisenhung and Gene Shoemochl.
2 While Plaintiff names certain individuals as defendants in the caption of this Complaint, Plaintiff only asserts his
third and fourth claims for relief against these individuals. For purposes of this Answer Defendants will assume that
Plaintiff intended to assert the background allegations against all Defendants and will answer on their behalf.



they are without sufficient knowledge or information to admit or deny the other allegation(s) contained therein and, therefore, deny same.

3.    In answer to Paragraph 3 of the Complaint, Defendants admit that jurisdiction of the Court is proper.

4.    In answer to Paragraph 4 of the Complaint, Defendants state that they are without sufficient knowledge or information to admit or deny the allegation(s) contained therein and, therefore, deny same.

5.    In answer to Paragraph 5 of the Complaint, Defendants state that they are without sufficient knowledge or information to admit or deny the allegation(s) contained therein and, therefore, deny same.

6.    In answer to Paragraph 6 of the Complaint, Defendants state that said paragraph contains a legal conclusion and, therefore, Defendants deny same.

### Answer to Statement of Venue

7.    In answer to Paragraph 7 of the Complaint, Defendants state that said paragraph contains a legal conclusion and, therefore, Defendants deny same.

### Answer to Statement of Parties

8.    In answer to Paragraph 8 of the Complaint, Defendants state that they are without sufficient knowledge or information to admit or deny the allegation(s) contained therein and, therefore, deny same.

9.    Defendants admit the allegations contained in Paragraph 9 of the Complaint.

## Answer to Facts Common to All Counts

10.    In answer to Paragraph 10 of the Complaint, Defendants state that they are without sufficient knowledge or information to admit or deny the allegation(s) contained therein and, therefore, deny same.

11.    In answer to Paragraph 11 of the Complaint, Defendants admit that Plaintiff was hired by Braden on or around August 24, 1977.  Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegation(s) contained therein and, therefore, deny same.

12.    Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.    In answer to Paragraph 13 of the Complaint, Defendants admit that Defendant Braden provided Plaintiff with the option of transferring into an hourly production position or being laid off as part of a reduction in force.  Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.    In answer to Paragraph 15 of the Complaint, Defendants admit that Defendant Braden provided Plaintiff with the option of transferring into an hourly production position or being laid off as part of a reduction in force.  Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.    In answer to Paragraph 16 of the Complaint, Defendants admit that Plaintiff was laid off on May 2, 2003 along with 38 other production workers as a part of a reduction in force. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint.

3

## Answer to First Claim for Relief

### Discrimination Based on Race, Color, National Origin, and Religion (Title VII)

18.    Defendant Braden hereby incorporates by reference, as if fully set out herein, its answers to Paragraphs 1 – 17 of the Complaint.

19.    Defendant Braden denies the allegations contained in Paragraph 19 of the Complaint.

## Answer to Second Claim for Relief

### Discrimination Based on Age (ADEA)

20.    Defendant Braden hereby incorporates by reference, as if fully set out herein, its answers to Paragraphs 1 – 19 of the Complaint.

21.    Defendant Braden denies the allegations contained in Paragraph 21 of the Complaint.

## Answer to Third Claim for Relief

### 42 U.S.C. § 1981

22.    Defendants hereby incorporate by reference, as if fully set out herein, their answers to Paragraphs 1 – 21 of the Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

## Answer to Fourth Claim for Relief

### Intentional Infliction of Emotional Distress

24.    Defendants hereby incorporate by reference, as if fully set out herein, their answers to Paragraphs 1 – 23 of the Complaint.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint.

Except as specifically admitted herein, Defendants deny all material allegations of the

4

Complaint and demand strict proof thereof. Defendants further deny that Plaintiff is entitled to any of the relief requested in Plaintiff's four separate prayers for relief.

### Other Defenses

1.      Some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted against Defendants.

2.      Some or all of Plaintiff's claims may be barred by Plaintiff's failure to satisfy the procedural and jurisdictional prerequisites, (*e.g.*, timely seeking and/or exhausting administrative remedies).

3.      All actions taken with respect to Plaintiff were in compliance with good faith, nondiscriminatory and legitimate policy.

4.      Plaintiff may have failed to mitigate damages.

5.      Some or all of Plaintiff's claims may be barred in their entirety or diminished by the doctrine of after-acquired evidence.

6.      Plaintiff's claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, Section 7 of the Oklahoma Constitution for the following reasons:

    a.   the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedure;

    b.   the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitation; and

c.  the introduction of evidence of Defendants' financial worth is so prejudicial as to

impose liability and punishment in a manner bearing no relation to the extent of

any injury allegedly inflicted or to any benefit to Defendants from any alleged

wrongdoing and, therefore, any verdict would be the result of bias and prejudice

in a fundamentally unfair manner.

7.    Plaintiff's claim for punitive damages constitutes an unconstitutional excessive fine

under Article 2, Section 9 of the Oklahoma Constitution because such highly penal sanctions may be

imposed for the benefit of society under standards so vague and effectively meaningless as to

threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the

unbridled discretion of the jury.

8.    Defendants reserve the right to amend, supplement or change any defenses as

discovery proceeds.

WHEREFORE, premises considered, Defendants pray: (a) that judgment be granted in their

favor and against Plaintiff on the claims asserted in the Complaint; (b) that Plaintiff take nothing by

reason thereof; (c) that Defendants be awarded their costs of defending this action, including

reasonable attorneys' fees; and (d) any other and further relief be afforded to Defendants that is just

and proper.

6

Respectfully submitted,

P. Scott Hathaway, OBA #13695
CONNER & WINTERS,
A Professional Corporation
3700 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103-4344
(918) 586-5711; (918) 586-8547 fax

**ATTORNEYS FOR DEFENDANTS
BRADEN MANUFACTURING L.L.C.;
BILL EDWARDS, LARRY EDWARDS,
JACK SILVER, SHARON LAWRENCE,
DARWIN WHISENHUNT AND GENE
SCHOCKEMOEHL**

## CERTIFICATE OF SERVICE

I, P. Scott Hathaway, hereby certify that on the 28th day of July, 2004, a true and correct copy of the above and foregoing instrument was mailed to:

Daniel E. Smolen, Esq.
2727 East 21st Street, Ste. 505
Tulsa, Oklahoma  74114

P. Scott Hathaway